# CITATION

**HENICAN TERREBONNE PROPERTY LLC**



Case: 0190495

*Versus*

Division: C

32nd Judicial District Court
Parish of Terrebonne
State of Louisiana

**TENNESSEE GAS PIPELINE COMPANY LLC**

A Resident of EAST BATON ROUGE Parish

TO: TENNESSEE GAS PIPELINE COMPANY, L.L.C.
THROUGH ITS REGISTRED AGENT
CAPITOL CORPORATE SERVICES, INC.
FOR SERVICE OF PROCESS
8550 UNITED PLAZA BUILDING II, STE. 305
BATON ROUGE, LA 70809

**YOU ARE HEREBY SUMMONED** to comply with the demand of the **ORIGINAL PETITION**, filed on February 5, 2021, a true and faithful copy whereof accompanies this citation, or to make an appearance by filing an answer or other pleading thereto, in writing with the Clerk of Court at her office in the City of Houma, within fifteen (15) days after the service hereof;

Your failure to so comply will subject you to the penalty of having a default judgment rendered against you.

Witness my hand and official seal this 19th day of February, 2021.

*Theresa A. Robichaux, Clerk of Court*

BY: *Candace S. Poche*
Deputy Clerk of Court

Requested By: **Mr. James R. Swanson**
Attorney at Law
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
(504) 586-5294

Returned and filed:

_____

_____
Deputy Clerk of Court

[ SERVICE ]

**EXHIBIT A**

STATE OF LOUISIANA
PARISH OF TERREBONNE
THIRTY-SECOND JUDICIAL DISTRICT COURT

NO. _18048_  SECTION ____

**HENICAN TERREBONNE PROPERTY, LLC**

**VERSUS**

**TENNESSEE GAS PIPELINE COMPANY, LLC, ET AL.**

FILED: __FEB 0 5 2021__    _____
                            DEPUTY CLERK

## PETITION

NOW INTO COURT, through undersigned counsel, comes Plaintiff Henican Terrebonne Property, LLC and in support of its Petition states as follows:

### PARTIES

1.

Plaintiff Henican Terrebonne Property, LLC is a Louisiana limited liability company having its principal place of business in Orleans Parish, Louisiana. Plaintiff is owned by twenty-three (23) individual members who are domiciled in Louisiana, California, North Carolina, Alabama, Virginia, Illinois, New York, and Mississippi. Accordingly, Plaintiff is a citizen of Louisiana, California, North Carolina, Alabama, Virginia, Illinois, New York, and Mississippi.

2.

Defendant **Tennessee Gas Pipeline Company, LLC** ("TGP") is a Delaware limited liability company having its principal place of business in Houston, Texas, and is named individually and as successor-in-interest to **Tennessee Gas Transmission Company**. TGP's principal business establishment in Louisiana is located in East Baton Rouge Parish, Louisiana.

3.

On information and belief, 100% of the membership of TGP is owned by Kinder Morgan Operating, L.P. "A" ("KMOLPA"). KMOLPA is owned entirely by Kinder Morgan Energy Partners, L.P. ("KMEP") and Kinder Morgan G.P., Inc. (KMGP"). KMEP is a Delaware limited partnership having its principal place of business in Texas, and KMEP is owned entirely by Kinder Morgan, Inc. ("KMI") and KMGP. KMGP is a Delaware corporation having its principal place of

1

**JUAN W. PICKETT**
**JUDGE, DIVISION C**

business in Texas. KMI, which is a Delaware corporation having its principal place of business in Texas, owns all of the stock of KMGP. Therefore, TGP is a citizen of, at least, Delaware and Texas.

4.

Defendant **Gulf South Pipeline Company, LP** ("Gulf South") is a Delaware limited partnership having its principal place of business in Houston, Texas, and will be named individually and as successor-in-interest to **United Gas Pipeline Company**. Gulf South's principal business establishment in Louisiana is in Jefferson Parish, Louisiana.

5.

On information and belief, Gulf South is a wholly owned subsidiary of Boardwalk Pipeline Partners, L.P. ("Boardwalk"). Boardwalk is a foreign publicly traded master limited partnership, the 2% general partner interest of which is owned by the Loews Corporation ("Loews") (or a subsidiary thereof), the 49% limited partnership interest of which is owned by Loews, and the 49% limited partnership interest of which is owned by individual investors. Boardwalk has over million units that are owned by individual investors domiciled in every state in the union, including citizens of Louisiana, California, North Carolina, Alabama, Virginia, Illinois, New York, and Mississippi. Therefore, Gulf South is a citizen of, at least, Louisiana, California, North Carolina, Alabama, Virginia, Illinois, New York, and Mississippi.

6.

TGP and Gulf South will be collectively referred to as "Defendants."

### JURISDICTION AND VENUE

7.

This Court has personal jurisdiction over Defendants because Defendants are limited liability companies or limited partnerships that have sufficient minimum contact with the State of Louisiana so as to render the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. Indeed, Defendants conduct substantial business in Louisiana.

8.

Venue is proper in this Court pursuant to the Louisiana Code of Civil Procedure.

2

## ALLEGATIONS

9.

Plaintiff is the owner of property located in Terrebonne Parish that is subject to right of way servitudes pursuant to which Defendants dredged canals and laid pipelines on Plaintiff's Property including within the following areas: Township 18 South, Range 12 East, Sections 31, 32, 33, 34, 35, and 36; Township 18 South, Range 13 East, Sections 31, 32, 33, 34, and 35 (collectively referred to as "Plaintiff's Property" or the "Subject Property").

10.

Plaintiff's Property is composed of coastal wetlands.

11.

Defendants entered into right of way agreements with Plaintiff's predecessors-in-interest pursuant to which Defendants dredged canals and installed pipelines on Plaintiff's Property.

12.

The right of way agreements include, but are not limited to, the following:

a. December 30, 1955 right-of-way between Tennessee Gas Transmission Company, as grantee, and Alice Boning Henican, C. Ellis Henican, and Joseph P. Henican, Jr., as grantors ("TGP ROW");

b. February 27, 1958 right-of-way between United Gas Pipe Line Company, as grantee, and Alice Boning Henican, Beth Henican Durant, Ann Henican Babington, Patricia Henican McIntyre, Joseph P. Henican, Alice Henican Perrier, and C. Ellis Henican, Jr., individually and as father to Margaret Henican, Dorothy Henican, and Joseph P. Henican, III, as grantors ("1958 United Gas ROW"); and

c. October 12, 1959 right-of-way with United Gas Pipe Line Company, as grantee, and Alice Boning Henican, Beth Henican Durant, Ann Henican Babington, Patricia Henican McIntyre, Joseph P. Henican, Alice Henican Perrier, Margaret Henican, and C. Ellis Henican, Jr., individually and as father to Dorothy Henican and Joseph P. Henican, III, as grantors ("1959 United Gas ROW").

13.

Plaintiff is a direct successor-in-interest, heir, and/or beneficiary to the above referenced grantors in paragraph 12.

### The TGP ROW

14.

The TGP ROW granted TGP a "right at its election to lay such pipe line or lines in open ditches or canals not to exceed 40 feet in width..."

3

15.

The TGP ROW provides: "The width of the Right of Way...is limited to 100 feet in width, except at railroads, roads, highways, levees, lakes, rivers, bayous, streams, canals, and other water crossings, necessary work space is granted."

16.

The TGP ROW provides: "After construction of pipe line, Right of Way will revert to and be a width of forty (40) feet throughout."

### The 1958 United Gas ROW

17.

The 1958 United Gas ROW granted an easement of 100 feet in width to "construct, maintain, operate, repair, replace [...] pipelines and appurtenances thereto [...] in open ditches or canals not to exceed forty feet in width..."

18.

The 1958 United Gas ROW provides: "Grantee, its successors and assigns, so long as the rights and easements herein granted, or any of them, shall be used by, or useful to, Grantee for the purposes herein granted, with ingress and egress from the premises, including the right to dredge approach canals not to exceed forty feet in width, of the purpose of constructing, inspecting, repairing, maintaining, and replacing the property of Grantee herein described...."

19.

The 1958 United Gas ROW provides: "Grantor is to fully use and enjoy said premises, except for the purposes herein granted to the said Grantee provided said Grantor shall not...interfere with the maintenance or operation of any pipe line or appurtenances constructed hereunder and will not change the grade over the pipeline..."

20.

The 1958 United Gas ROW provides: "The pipe line or lines to be laid by Grantee hereunder shall be placed in a ditch at a depth of at least six feet (6') and the pipe shall be installed in such manner that the top of the pipe will be located not higher than one foot (1') below the bottom of the ditch in which the pipe line or lines may be laid."

4

21.

The 1958 United Gas ROW provides: "If as a result of the dredging of any ditch or canal which Grantee may dredge for the laying of its pipe line or lines pursuant to the terms of this grant, it shall be determined by a court of last resort that the beds or bottoms of such canals or ditches belong to the State of Louisiana, or its transferees, then in such event Grantee shall be and remain liable to Grantor for any and all losses sustained by it on account thereof...."

### The 1959 United Gas ROW

22.

The 1959 United Gas ROW granted United Gas "an easement fifty (50') feet in width" to "construct, maintain, operate, repair, replace [...] pipe lines and appurtenances thereto..."

23.

The 1959 United Gas ROW provides: "Grantee, its successors and assigns, so long as the rights and easements herein granted, or any of them, shall be used by, or useful to, Grantee for the purposes herein granted, with ingress and egress from the premises, including the right to dredge approach canals not to exceed forty feet in width, of the purpose of constructing, inspecting, repairing, maintaining, and replacing the property of Grantee herein described...."

24.

The 1959 United Gas ROW provides: "Grantor is to fully use and enjoy said premises, except for the purposes herein granted to the said Grantee provided said Grantor shall not...interfere with the maintenance or operation of any pipe line or appurtenances constructed hereunder and will not change the grade over the pipeline..."

25.

The 1959 United Gas ROW provides: "The pipe line or lines shall be placed in a ditch at the depth of at least three (3') feet..."

26.

Evident from these ROW Agreements and Louisiana law, Defendants understood and agreed that they would maintain adequate protection to prevent erosion and widening of the canals that they dredged and used on Plaintiff's Property pursuant to the ROW Agreements.

5

27.

Defendants either failed to maintain the canals and banks on Plaintiff's Property or negligently operated, inspected, and maintained the canals and banks on Plaintiff's Property.

28.

Defendants' negligent operation, inspection, and maintenance of the right-of-ways, canals, and pipeline facilities is continuing.

29.

Defendants' failure to maintain the canals and banks and/or negligent operation, inspection, and maintenance activities have resulted in widening of the canals and erosion of Plaintiff's Property.

30.

Defendants' continuing failure to maintain the pipeline canals and banks and/or negligent operation, inspection, and maintenance activities have altered the hydrology of the marsh.

31

Defendants' failure to maintain the pipeline canals and banks and/or negligent operation, inspection, and maintenance activities have adversely impacted Plaintiff's Property as the canals have widened, and continue to widen, significantly beyond the scope allowed by the ROW Agreements and prudent operating practices.

32.

Defendants' breach of the ROW Agreements, failure to maintain the pipeline canals and banks, and/or pattern of continuous negligent operation, inspection, and maintenance activities, as well as their failure to restore the damaged property is continuing and has caused, and continues to cause, severe ecological damage to Plaintiff's Property by altering and/or destroying the natural hydrology of the property and causing land loss due to continuing erosion.

33.

Plaintiff avers that Defendants have breached the ROW Agreements and standards of prudent operating practices by failing to maintain the pipeline canals and banks and/or by negligently performing operation, inspection, and maintenance activities, as well as by failing to restore the property that has been damaged as a result of Defendants' continuing failures.

6

34.

The ROW Agreements are still in full force and effect, and Defendants' obligations are continuing.

35.

Plaintiff avers that the damage done by Defendants' continuing negligent maintenance activities and/or failure to maintain the pipeline canals and banks is continuous course of conduct that has damaged and continues to damage Plaintiff's Property.

36.

The type and extent of the damage to Plaintiff's Property was reasonably foreseeable to Defendants. Defendant knew, or should have known, that left unmaintained the canals would cause erosion of the lands surrounding the canals.

37.

Defendants knew, or should have know, of the preventative measures that they could have, or should have, taken to prevent such damage to the land surrounding the canals.

38.

Defendants knew, or should have known, that failure to prevent unauthorized access to the canals would allow for introduction of erosive forces into the canals that would cause their widening and damage to the lands adjacent to the canals.

39.

Because Defendants could foresee that their failure to take the appropriate preventative measures would result in the loss of Plaintiff's Property and the deleterious alteration of the hydrology and stability of the marsh on Plaintiff's Property, Defendants' conduct was in bad faith.

40.

On information and belief, Defendants have further breached the ROW Agreements by not maintaining their pipeline(s) at the proper depth within the canals.

41.

Plaintiff did not discover the damage the Plaintiff's Property alleged herein or that Defendants' acts and omissions were the cause of the damage alleged herein until less than one year before the date of the filing of this Petition.

7

## CONTRACT CLAIMS

42.

Plaintiff incorporates by reference all previous allegations in the preceding paragraphs as if fully set forth herein.

43.

Pursuant to the ROW Agreements, and/or by Defendants' exercise of control over Plaintiff's Property, a "right of use" was created. A right of use is a limited personal servitude that confers the benefits of the predial servitude and usufruct upon a juridical person rather than upon an estate.

44.

Pursuant to Louisiana Civil Code article 645, "[a] right of use is regulated by application of the rules governing usufruct and predial servitudes to the extent that their application is compatible with the rules governing a right of use servitude."

45.

Regarding the rules governing usufruct, Louisiana Civil Code article 576 provides that "the usufructuary [Defendants] is answerable for losses resulting from his fraud, default, or neglect."

46.

Louisiana Civil Code article 577 similarly provides:

The usufructuary [Defendant] is responsible for ordinary maintenance and repairs for keeping the property subject to the usufruct in good order, whether the need for these repairs arises from accident or force majeure, the normal use of things, or his fault or neglect.

The naked owner [Plaintiff] is responsible for extraordinary repairs, unless they have become necessary as a result of the usufructuary's [Defendants'] fault or neglect in which case the usufructuary [Defendants] is bound to make them at his cost.

47.

Louisiana Civil Code article 579 provides that "[d]uring the existence of the usufruct, the naked owner [Plaintiff] may compel the usufructuary [Defendant] to make the repairs for which the usufructuary is responsible."

8

48.

Regarding the rules governing predial servitudes, to the extent that conventional predial servitudes were created, Defendants became the dominant estate owners while Plaintiff is the owner of the servient estate.

49.

Accordingly, Defendants have a continuing obligation to refrain from aggravating the servient estate.

50.

Under Louisiana Civil Code article 730, "doubt as to the existence, extent, or manner of exercise of a predial servitude shall be resolved in favor of the servient estate."

51.

Louisiana Civil Code article 743 provides that rights that are necessary for the use of the servitude "are to be exercised in a way least inconvenient for the servient estate," and article 745 provides that the dominant estate owner is "under the obligation of causing the least possible damage."

52.

Defendants breached the express terms of the ROW Agreements in addition to the obligations therein pursuant to the suppletive rules regarding servitudes as set forth in the Louisiana Civil Code arts. 697, *et seq.*, by negligently doing or by failing to do, among other things, the following:

a. Maintain the canals and their banks to prevent erosion of the surrounding property;
b. Install and maintain protective structures to prevent canal widening and land loss;
c. Prevent unauthorized persons from using the canals;
d. Protect the servient estate against damage resulting from use of the servitude;
e. Not aggravate the condition of the servient estate;
f. Prevent the canals from widening;
h. Prevent the canal banks from being breached;
i. Use only so much of Plaintiff's Property as is necessary to conduct operations;
j. Act as a reasonably prudent operator to cause the least possible damage;
k. Maintain the pipelines at the proper and agreed upon depths; and
l. Restore the property.

53.

Defendants breached their express obligations pursuant to the ROW Agreements, and their obligations under the Civil Code, including those set forth herein. Defendants' failure to maintain

9

the canals, negligent maintenance activities, and/or failure to restore Plaintiff's Property constitute a breach of their obligations to not aggravate and cause the least possible damage to the servient estate pursuant to the Louisiana Civil Code, including articles 730, 743, and 745.

54.

Defendants have breached and continue to breach the foregoing obligations.

55.

Defendants' duties to not aggravate the condition of the servient estate are co-extensive with the life of the servitudes and, accordingly, are continuous.

56.

Defendants are in continuing breach of those obligations and duties, both express and implied, based upon the ROW Agreements and Defendants' exercise of and control over Plaintiff's Property.

57.

Defendants' breach of their obligations constitutes an abuse of right.

58.

Plaintiff avers that it is entitled to compensatory damages as a result of Defendants' breach of those obligations and is entitled to injunctive relief in the form of restoration of the land that has been lost, as well as ongoing maintenance and repairs.

59.

At the time that Defendants entered into the ROW Agreements, it was reasonably foreseeable to Defendants that the failure to take appropriate actions to maintain the canal widths would lead to the loss of land as a result of drastic hydrological alteration on Plaintiff's Property.

61.

Defendants' breaches were in bad faith, and these breaches caused damage to Plaintiff in an amount to be proven at trial.

62.

As a result of Defendants' bad faith breach of contract, Defendants are liable to Plaintiff not only for all damages that are foreseeable under Louisiana Civil Code article 1996, but also for all consequential damages under Louisiana Civil Code article 1997.

10

## TORT CLAIMS

63.

Plaintiff incorporates by reference all previous allegations in the preceding paragraphs as if fully set forth herein.

64.

Defendants knew, or in the exercise of reasonable care should have known, that their acts and/or omissions outlined herein would cause the damages outlined herein and could have been prevented in the exercise of reasonable care.

65.

Defendants owed a duty to Plaintiff to do, among other things, the following:

a. Maintain the canals and their banks to prevent erosion of land and damage to the surrounding property;
b. Install and maintain protective structures to prevent canal widening and land loss;
c. Prevent unauthorized persons from using the canals;
d. Protect the servient estate against damage resulting from use of the servitude;
e. Not aggravate the condition of the servient estate;
f. Prevent the canals from widening;
g. Prevent the canal banks from being breached;
h. Use only so much of Plaintiffs Property as necessary to conduct operations;
i. Act as a reasonably prudent operator to cause the least possible damage;
j. Maintain the pipelines at the proper and agreed upon depths; and
k. Restore the property.

66.

Yet, Defendants failed, and continue to fail, to exercise such reasonable care and have breached the duties outlined above.

67.

The breach of the duties referenced above has caused and continues to cause widening of the canals and erosion of Plaintiff's Property.

68.

Defendants have adopted company-wide policies of negligently operating, inspecting, and maintaining their right-of-ways, canals, and pipelines.

69.

Defendants' negligent operation and maintenance of the right-of-ways, canals, and pipelines on Plaintiff's Property constitutes a pattern of negligent conduct that gives rise to a continuous tort. Defendants' operation and maintenance of the canals falls well below the standard

11

of care of a reasonably prudent operator. This pattern of negligent conduct has caused continuous and ever-increasing damage to Plaintiff's Property, and such damage will continue right of ways and canals are properly used and maintained, and the land is restored.

70.

Thus, in accordance with the Louisiana Civil Code, including article 2315, Plaintiff avers that it is entitled to compensatory damages as a result of Defendants'' acts and omissions and is entitled to injunctive relief in the form of abatement, repairs, restoration of the land that has been lost, and ongoing maintenance and repairs.

## VIOLATION OF LOUISIANA UNFAIR TRADE PRACTICES ACT

71.

Plaintiff incorporates by reference all previous allegations in the preceding paragraphs as if fully set forth herein.

72.

Defendants' acts and omissions, as described throughout this Petition, constitute unfair or deceptive acts or practices in the conduct of trade or commerce.

73.

Indeed, Defendants' failure to take appropriate actions to maintain the canal widths and maintain the pipelines at the proper depth and knowing that their acts and omissions would cause significant ascertainable monetary loss to Plaintiff, was immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff.

74.

As a result of Defendants' decision not to take the steps necessary to maintain adequately the canals and canal banks, to construct and/or maintain protective structures to prevent canal widening and land loss, to prevent unauthorized access to the canals, and to maintain the canals at their proper depth, Plaintiff has suffered an ascertainable monetary loss of the value of the land lost to erosion that Defendants knew would occur, and/or the value of the appropriate measures to restore the Plaintiff's Property, to restore and then maintain the canal banks to their agreed-to-widths, bury the pipeline at the proper depth, and to ensure appropriate measures to prevent unauthorized access to the canals.

12

75.

Accordingly, Defendants' ongoing misconduct violates the Louisiana Unfair Trade Practices Act ("LUTPA"), LA. REV. STAT. Ann. § 51:1401 *et seq.*, entitling Plaintiff to its actual damages, as well as attorneys' fees and costs, pursuant to La. R.S. § 51:1409(A).

76.

Plaintiff requests preference in scheduling the trial of this matter under Louisiana Civil Code article art. 1573.

WHEREFORE, Plaintiff prays that:

A. Defendants be served with a copy of this Petition and that they provide an answer thereto within the delays allowed by law;

B. There be a monetary judgment with interest from date of judicial demand, until paid, and all costs of these proceedings, in favor of Plaintiff and against Defendants, finding that Defendants are liable for compensatory damages and attorneys' fees and costs resulting from Defendants' acts and omissions;

C. There be a judgment in favor of Plaintiff for injunctive relief in the form of abatement of the land loss and erosion and restoration of Plaintiffs Property that has been lost due to erosion, burying the pipeline to the proper depth, as well as ongoing maintenance and repairs;

D. There be a judgment declaring that the suppletive provisions of the Civil Code governing usufruct and predial servitudes apply to the ROW Agreements, that Defendants' obligations under the ROW Agreements are ongoing and continuous, that Defendants have an obligation to, among other things, maintain the widths of the canals that they dredged on Plaintiffs Property, and to take actions necessary to prevent the canals from widening beyond their necessary width, and that Defendants breached their obligations under the ROW Agreements and applicable law; and that the damages complained of by Plaintiff were foreseeable to Defendants.

E. Such other and further relief be granted in favor of Plaintiff that the Court deems necessary and proper at law and in equity and that may be just and reasonable under the circumstances in this matter.

Respectfully submitted,

*/s/ James R. Swanson*

James R. Swanson (LA Bar No. 18455)
(jswanson@fishmanhaygood.com)
E. Blair Schilling (LA Bar No. 35308)
(bschilling@fishmanhaygood.com)
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA
LA. FEB 1 2021 ,20
BY Candace S. Pouhe
Deputy Clerk of Court

13

Gladstone N. Jones, III (LA Bar No. 22221)
(gjones@jonesswanson.com)
Kevin E. Huddell (LA Bar No. 26930)
(khuddell@jonesswanson.com)
Emma Elizabeth Antin Daschbach (LA Bar No. 27358)
(edaschbach@jonesswanson.com)
John T. Arnold (LA Bar No. 31601)
(jarnold@jonesswanson.com)
Peter N. Freiberg (LA Bar No. 22912)
(pfreiberg@jonesswanson.com)
JONES, SWANSON, HUDDELL & DASCHBACH
L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508

*Attorneys for Plaintiff Henican Terrebonne Property, LLC*

**PLEASE HOLD SERVICE**

14

STATE OF LOUISIANA

NO. 190495

SECTION _____

HENICAN TERREBONNE PROPERTY, LLC

VERSUS

TENNESSEE GAS PIPELINE COMPANY, LLC, ET AL.

FILED: ____FEB 0 5 2021____  _____

DEPUTY CLERK

## VERIFICATION

STATE OF LOUISIANA

PARISH OF TERREBONNE

Before me, the undersigned notary public in and for this parish and state, personally came and appeared James Swinson in his capacity as Attorney of Henican Terrebonne Property, LLC, who upon being sworn, did depose and state that he has read the above and foregoing Petition in its entirety; that he is personally familiar with the facts stated and alleged herein; and that he verifies that the facts of this Petition are true and correct to the best of his knowledge, information, and belief.

_____

SWORN TO AND SUBSCRIBED
BEFORE ME THIS __4__ DAY
OF __February__, 2020

_____
NOTARY SIGNATURE

LORETTA G. MINCE
NOTARY PUBLIC
STATE OF LOUISIANA
15#6716
COMMISSIONED FOR LIFE
JEFFERSON PARISH, LA
NOTARY ID NO. 59009