UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENICAN TERREBONNE PROPERTY, LLC, | CIVIL ACTION |
| Plaintiff, | NO. 21-652 |
| v. | SECTION L (3) |
| TENNESSEE GAS PIPELINE COMPANY, LLC, ET AL., | |
| Defendants. | |

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Remand, R. Doc. 16. Defendant Tennessee Gas Pipeline, LLC filed a memorandum in opposition, R. Doc. 19, and Plaintiff filed a reply, R. Doc. 26. Having considered the briefing and the applicable law, the Court now rules as follows.

**I.      BACKGROUND**

This case arises from damage to Plaintiff's property allegedly sustained due to Tennessee Gas Pipeline Company, LLC's ("TGP") and Gulf South Pipeline Company, LLC's ("Gulf South") breach of contract and improper maintenance of canals and pipelines. R. Doc 1-1 ¶ 9. Plaintiff Henican Terrebonne Property, LLC ("Plaintiff") owns a coastal wetland property in Terrebonne Parish that is subject to three right of way ("ROW") servitudes. *Id* at ¶¶ 9, 12-13. These servitudes were granted to Defendants to dredge canals and lay pipelines. *Id.* Plaintiffs allege that Defendants failed to properly maintain or negligently operated, inspected and maintained the canals. *Id.* at ¶ 29. Plaintiff contends Defendants' conduct has led to widening of the canals past the forty-feet maximum allowed in the ROWs, erosion, and changes to the hydrology of the marsh with severe ecological consequences. *Id.* at ¶¶ 30-32.

1

Plaintiff asserts a breach of contract claim regarding Defendants' contractual obligations related to right of use, as well as violations of right of use obligations set forth in the Louisiana Civil Code. *Id.* at ¶ ¶ 43, 53. Plaintiff asserts that Defendants breached their obligation under the Louisiana Civil Code to exercise their right of use in the manner that is least inconvenient and causes the least possible damage to the servient estate and that any doubt as to the manner of exercise of the servitude shall be resolved in favor of the servient estate. R. Doc. 1-1 at ¶ ¶ 50, 51; La. Civ. Code arts. 730, 743, 745. Further, Plaintiff alleges breach of the express terms and obligations of the ROW agreements and La. Civ. Code Art. 697 by failing to maintain the canals and their banks, install and maintain protective structures, prevent unauthorized persons from using the canals, protect the servient estate against damage from use of the servitude, prevent the canals from widening, maintain the pipelines at the proper depths, and restore the property. R. Doc. 1-1 at ¶ 52.

Plaintiff additionally alleges a claim in tort, arguing that Defendants knew or reasonably should have known their actions would cause damage to the property that could have been prevented. *Id.* at ¶ 64. Plaintiff alleges that Defendants owe a duty to Plaintiff to properly maintain, inspect and operate the canals and pipelines but have failed, and continue to fail, to do so. *Id.* at ¶ ¶ 65-66. Lastly, Plaintiff asserts that Defendant's acts and omissions in maintaining the canals and pipelines constitute ongoing misconduct in violation of the Louisiana Unfair Trade Practices Act ("LUTPA"). La. R. S. §§ 51:1401; 51:1409(A); R. Doc. 1-1 at ¶ 75.

Plaintiff seeks to recover compensatory damages, attorneys' fees and costs, injunctive relief in the form of abatement for land loss and erosion, restoration of property, burying of the pipeline to proper depths, and ongoing maintenance and repairs. R. Doc 1-1 at ¶ 76. Plaintiff also seeks a judgment declaring that Defendants' obligations under the ROW agreements are ongoing and that Defendants have breached those obligations. *Id.*

This case was originally filed in the 32nd Judicial District for the Parish of Terrebonne and was removed by TGP on February 31, 2021, based on diversity jurisdiction. R. Doc 1 at 1, 3. Plaintiff is a limited liability company whose members are domiciled in Louisiana, California, North Carolina, Alabama, Virginia, Illinois, New York and Mississippi, and is a citizen of those states. *Id.* at ¶¶ 14-15. TGP is a citizen of Delaware and Texas. *Id.* at ¶¶ 16, 21. Gulf South is a citizen of every state and thus a citizen of the same states of which Plaintiff is a citizen, making Gulf South a non-diverse Defendant. *Id.* at ¶ 5; R. Doc. 16-1 at 3. However, TGP asserts that Plaintiff fraudulently misjoined Gulf South and therefore complete diversity exists because Gulf South's citizenship should be disregarded. *Id.* at ¶ 24.

## II. PRESENT MOTIONS

### a. *Plaintiff's Motion to Remand*

Plaintiff asserts that TGP's allegation of fraudulent misjoinder is incorrect and the case should be remanded to state court given the absence of complete diversity. R. Doc. 16-1 at 4. Plaintiff also requests that this Court issue an order directing payment of attorneys' fees and costs incurred due to removal, arguing that the Court may award attorney's fees and costs because removal was objectively unreasonable. *Id.* at 16-17.

### b. *TGP's Opposition*

TGP argues that Plaintiff committed fraudulent misjoinder because there is no factual overlap between the claims against TGP and Gulf South. R. Doc. 19 at 2, 6. TGP also argues that Plaintiff is not entitled to attorney's fees and costs because TGP had an objectively reasonable basis for removal. *Id.* at 16-17.

## III. APPLICABLE LAW

### a. *Removal Based on Diversity Jurisdiction*

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district

3

courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . embracing the place where such action is pending." Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." A party who seeks to remove an action to federal court based on diversity jurisdiction "bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (quoting *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

### b. *Improper Joinder and Fraudulent Misjoinder*

Under Federal Rule of Civil Procedure 20, parties may be properly joined as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In the Fifth Circuit, "[t]here are two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

The Fifth Circuit has mentioned, but not expressly adopted, a third theory of improper joinder: "fraudulent misjoinder," which the Eleventh Circuit established in *Tapscott v. MS Dealer Service Corp.* 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See, e.g.*, *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002) (suggesting that "misjoinder . . . should not be allowed to defeat diversity jurisdiction" and citing *Tapscott*, 77 F.3d at 1360); *Crockett v. R.J. Reynolds Tobacco Co.*, 436

F.3d 529, 533 (5th Cir. 2006) (acknowledging that a party may be improperly joined for reasons beyond the two expressly adopted types of improper joinder and citing *Tapscott*, 77 F.3d at 1360). Many judges in this district "have concluded that the [*Tapscott*] doctrine is likely valid in this circuit . . . and some . . . have applied the doctrine in order to exercise diversity jurisdiction." *Par. of Plaquemines v. Total Petrochemical & Refin. USA, Inc.*, 64 F. Supp. 3d 872, 882 (E.D. La. 2014) (citing several cases in this district).

Under the *Tapscott* doctrine, joinder of claims that are based on "wholly distinct" transactions or events, where each defendant has "no real connection" to claims against other defendants, is fraudulent misjoinder. 77 F.3d at 1360. The Eleventh Circuit noted the probability in such cases that joinder was "an attempt to defeat diversity jurisdiction." *Id.* However, the court distinguished "mere misjoinder" from fraudulent misjoinder, holding that only an "egregious" attempt to join unrelated defendants constitutes fraudulent misjoinder. *Id.*

    *c.  Cumulation of Claims Under Louisiana Law*

To determine whether claims have been misjoined in a case that originated in state court, courts first apply the state's joinder rules. *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. MDL 2740, 2018 WL 2228764, at *1 (E.D. La. May 15, 2018) (quoting *In re: Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. 16-1066, 2016 WL 4409555, at *4 (E.D. La. Aug. 19, 2016)); *Ryan v. Calcasieu Par. Police Jury*, No. 17-CV-287, 2017 WL 3080022, at *3 (W.D. La. May 26, 2017). Louisiana Code of Civil Procedure Article 463 governs the joinder, or cumulation, of parties. It provides that

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
> (1) There is a community of interest between the parties joined;
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

La. Code Civ. Proc. art. 463.

A "community of interest," also known as a "common interest," exists if the claims involving the joined parties "aris[e] out of the same facts, or present[] the same factual and legal issues." La. Code Civ. Proc. art. 463 cmts. (b) and (c). In other words, "[a] community of interest is present when there is enough factual overlap between the cases to make it 'commonsensical to litigate them together.'" *Cooper v. Festiva Resorts, LLC*, 2014-1327, p. 5 (La. App. 4 Cir. 6/3/15), 171 So. 3d 1058, 1061 (quoting *Mauberret–Lavie v. Lavie*, 03–0099, p. 2 (La.App. 4 Cir. 6/11/03), 850 So.2d 1, 2).

    d.  *Attorney's Fees and Costs*

Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A district court has discretion to award attorney's fees under § 1447(c), but should only award fees if "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "If the removing party 'could conclude from th[e] case law that its position was not an unreasonable one' at the time of removal, then it had an objectively reasonable basis for removal." *Thomas v. S. Farm Bureau Life Ins. Co.*, 751 F. App'x 538, 540 (5th Cir. 2018) (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).

**IV.**    **DISCUSSION**

    a.  *Remand*

Plaintiff argues that its claims against Gulf South were properly joined to its claims against TGP because a "community of interest" exists given the identical causes of action and the factual overlaps regarding the two Defendants' pipeline operations. R. Doc. 16-1 at 7-8. Plaintiff also argues Defendants are solidarily liable because they are subject to the same obligation to restore

6

Plaintiff's property. *Id.* at 9-10. Accordingly, Plaintiff asserts that joining the actions is the most efficient manner of adjudication, which defeats a claim of fraudulent misjoinder. *Id.* at 8. Plaintiff alternatively argues that the theory of fraudulent misjoinder does not apply because the Fifth Circuit has not expressly adopted it, and that TGP has not satisfied either of the tests for improper joinder that the Fifth Circuit has adopted. R. Doc. 26 at 2.

TGP argues Plaintiff fraudulently joined its claims against TGP and Gulf South to destroy diversity and avoid federal jurisdiction. R. Doc. 19 at 1. TGP argues there is no factual overlap between the claims against TGP and Gulf South and thus no "community of interest." *Id.* at 2, 6. Specifically, TGP argues that (1) the claims against TGP and Gulf South arise from separate ROW agreements with different obligations, (2) the canals constructed by TGP and Gulf South are physically distant from each other, and (3) there is no common injury because the damage allegedly caused by each canal is limited to its immediate area, preventing solidary liability. *Id.* at 6-9.

The Court finds that TGP and Gulf South were properly joined as Defendants. TGP has not alleged that there was actual fraud in the pleading of jurisdictional facts or that Plaintiff is unable to establish a cause of action against Gulf South in state court—the two tests for improper joinder that have been expressly adopted by the Fifth Circuit. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Assuming the theory of fraudulent misjoinder applies in the Fifth Circuit, TGP has not established fraudulent misjoinder. Fraudulent misjoinder requires an "egregious" attempt to join claims that are "wholly distinct" and have "no real connection" to each other. *Tapscott v. MS Dealer Service Corp.* 77 F.3d 1353, 1360 (11th Cir. 1996). There is sufficient factual overlap between Plaintiff's claims against TGP and Gulf South that joining them was not egregious.

The factual similarities between Plaintiff's claims against TGP and Gulf South establish that there is a "community of interest" between them, as Louisiana's joinder rule requires. La. Code Civ. Proc. art. 463. For one, the ROW agreements for both Defendants were entered in the 1950s

7

for the purpose of allowing the Defendants to dredge canals and lay petroleum pipelines. R. Doc. 16-1 at 2. The agreements contain the same restriction of the canals' width to forty feet, which Plaintiff alleges that both Defendants violated. *Id.* at 2-3. Moreover, Plaintiff alleges that the damage by both Defendants may have been cumulative, given that the canals run close together at one point and are hydrologically connected. R. Doc. 26 at 6. Regardless of whether TGP and Gulf South are solidarily liable, these factual overlaps dispel the notion that this was an egregious attempt to join wholly unrelated claims. *Tapscott*, 77 F.3d at 1360.

Moreover, because the claims against both Defendants present many of the same factual and legal issues, joinder is proper in the interest of judicial efficiency. Common factual issues concerning both TGP and Gulf South include whether they violated the ROW agreements' provision restricting canal widths to forty feet, whether the damage each Defendant allegedly caused was cumulative with damage caused by the other Defendant, and whether they could have foreseen this alleged harm. R. Doc. 16-1 at 8-9. Additionally, because of the similarities in the underlying facts and because Plaintiff seeks the same remedies against both of them, TGP and Gulf South would likely argue similar defenses. *See Par. of Plaquemines v. Total Petrochemical & Refin. USA, Inc.*, 64 F. Supp. 3d 872, 883 (E.D. La. 2014). Trials of Plaintiff's claims against both Defendants would likely involve many of the same witnesses and exhibits. These considerations "make it commonsensical to litigate [the cases] together." *Mauberret–Lavie v. Lavie*, 03–0099, p. 2 (La.App. 4 Cir. 6/11/03), 850 So.2d 1, 2). Thus, joinder of the claims is proper to promote judicial efficiency and prevent inconsistent judgments.

    b. *Attorney's Fees and Costs*

Plaintiff argues it is entitled to attorney's fees and costs because removal was objectively unreasonable. R. Doc. 16-1 at 17. TGP argues that its basis for removal was not only reasonable but well-founded. R. Doc. 19 at 16-17.

The Court finds that Plaintiff is not entitled to attorney's fees or costs. TGP cited cases that support its argument that Plaintiff's claims against TGP and Gulf South lacked the requisite factual overlap for proper joinder. *See, e.g.*, *Dietz v. Superior Oil Co.*, 2013-657 (La. App. 3 Cir. 12/11/13); 129 So. 3d 836; *Broussard v. Hillcorp Energy Co.*, 2008-233 (La. App. 3 Cir. 12/10/08); 998 So. 2d 946. Thus, TGP had an objectively reasonable basis for seeking removal. *Thomas v. S. Farm Bureau Life Ins. Co.*, 751 F. App'x at 540.

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Remand, R. Doc. 16, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees and costs is **DENIED**.

New Orleans, Louisiana, this 16th day of July, 2021.

_____
HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE